UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. CALDWELL,

    Plaintiff,

v.

JOHN MOORE,

    Defendant.

_____/

Case No. 2:23-cv-11156
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO DENY WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND
ORDER DENYING PLAINTIFF'S
MOTION FOR DISCOVERY (ECF No. 10)**[1]

I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff James A. Caldwell (Caldwell), proceeding *pro se* and *in forma pauperis*, is suing CMO John Moore (Moore). Caldwell alleges that Moore assaulted him and in so doing violated his rights under the Eighth Amendment. *See* ECF No. 1. Under 28 U.S.C. § 636(b), all pretrial matters were referred to the undersigned. (ECF No. 15). The

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

U.S. Marshals Service has acknowledged receipt of documents to serve Moore, *see* ECF No. 14, but Moore has not yet been served.

Before the Court is a filing by Caldwell titled "Request for Relief of Judgement." (ECF No. 10). In this filing, Caldwell requests an award of damages in the amount of $150,500 as well as a copy of the video recording of the assault and subpoenas for all witnesses to the same. (*Id.*, PageID.53-55). The undersigned construes the filing as a motion for summary judgment and a motion for discovery. For the reasons stated below, it is RECOMMENDED that Caldwell's motion for summary judgment be DENIED WITHOUT PREJUDICE. Further, Caldwell's motion for discovery is DENIED.

II.   Background

The following facts are gleaned from the complaint.

Caldwell alleges that Moore assaulted him while he was housed at Woodland Center Correctional. (ECF No. 1, PageID.6). On March 3, 2023 at around 4:00 p.m., Caldwell was in his cell when Moore slammed the cell's food slot door on Caldwell's arms, causing Caldwell to suffer cuts and a swollen wrist. (*Id.*, PageID.5, 7-8). During the assault, Moore said, "do you want pain[?] I will show you pain." (*Id.*, PageID.5). The assault was committed in view of video cameras and witnesses. (*Id.*, PageID.7).

III. Motion for Summary Judgment

A. Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

The fact that Caldwell is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).

B. Analysis

Here, Caldwell is requesting that the Court summarily grant his claims and award him monetary damages before service has even been completed. This is improper.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."

3

*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . . affidavit and request or on the court's own initiative without an explicit request from the opposing party.").

As explained above, Moore has yet to be served or appear in this case and no discovery has occurred. As such, it is recommended that Caldwell's motion for a judgment and award of damages in his favor be denied without prejudice as premature.

IV.   Motion for Discovery

Caldwell also requests the video recording of the alleged assault along with subpoenas for any witness to the same. Even though Caldwell is proceeding *pro se*,

> he must comply with the appropriate court rules, including the Federal Rules of Civil Procedure and the Local Rules of the E.D. Michigan. During the discovery phase, Fed. Rules Civ. P. 26–37 are particularly relevant, as are the E.D. Mich. LRs regarding motion practice (E.D. Mich. LR 7.1) and discovery (E.D. Mich. LRs 26.1–37.2).

*Townsend v. Rhodes*, No. 4:14–CV–10411, 2015 WL 1781230, at *2, n.2 (E.D. Mich. Apr. 20, 2015).

Under the Federal Rules, a party must send discovery requests to the party in

4

possession of the relevant information or physical evidence. It is improper for a party to file a discovery request with the Court. *See id.* ("[T]here are rules which govern the exchange of information *between parties* by way of interrogatories (Fed. R. Civ. P. 33), requests for the production of documents (Fed. R. Civ. P. 34) or requests for admission (Fed. R. Civ. P. 36)." (emphasis in original)); *Cook v. Sicilian*, No. 2:20-cv-781, 2020 WL 9159969, at *1 (S.D. Ohio Apr. 14, 2020) ("Plaintiff is again ORDERED to send discovery requests directly to the Defendants and not file them with the Court until or unless they are used in a proceeding or the Court orders filing." (emphasis omitted)). Indeed, Federal Rule of Civil Procedure 5(d)(1)(A) provides that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, *requests for documents or tangible things* or to permit entry onto land, and requests for admission." (emphasis added).

Again, Moore has not been served. After Moore is served, the Court intends to issue a scheduling order. If Moore appears and files a motion to dismiss, the Court will consider that motion before entering a scheduling order. Once a scheduling order is entered, Caldwell may request discovery from Moore directly. At this time, however, Caldwell's request is both premature and improper under the rules.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Caldwell's motion for summary judgment, (ECF No. 10), be DENIED WITHOUT PREJUDICE. Further, Caldwell's motion for discovery, (*id.*), is DENIED.

SO ORDERED.

Dated: September 29, 2023  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**<u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2023.

                                                  s/Carolyn Ciesla
                                                  CAROLYN CIESLA
                                                  Case Manager